UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 26cr10230 |
| v. | Violations: |
| CAROL A. AGUJA, | Counts One-Three: Wire Fraud, Aiding & Abetting (18 U.S.C. §§ 1343 and 2) |
| Defendant | Forfeiture Allegations: (18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. The defendant, CAROL A. AGUJA (AGUJA), was a resident of Reading, Massachusetts.

2. AGUJA was an Immigration Services Officer employed by the United States Citizenship and Immigration Services (USCIS).

3. The American Federation of Government Employees Local 38 (AFGE Local 38) was a labor organization that represented employees of the USCIS who lived in Massachusetts, Maine, Rhode Island and New Hampshire. Between 2015 and 2024, AFGE Local 38 had between 50 and 100 members, all of whom were federal government employees.

4. AFGE Local 38 was funded almost entirely by membership dues, which were set at $17 per member per pay period. AFGE Local 38 funds were only to be disbursed to promote the welfare of the union and to pay for union-related expenses and expenditures.

5. AGUJA served as Treasurer of AFGE Local 38 from at least as early as 2015 until approximately August 2024. As the AFGE Local 38 Treasurer, AGUJA exercised sole

control of the union's finances. As the AFGE Local 38 Treasurer, AGUJA also had a fiduciary duty to ensure that AFGE Local 38 funds were disbursed only for the benefit of the union and to pay for legitimate union-related expenditures.

6. AFGE Local 38 maintained a checking account at Hanscom Federal Credit Union (the HFCU Account). AGUJA was the sole authorized signer on the HFCU Account, and AGUJA controlled a debit card for the HCFU Account that had been issued in AGUJA's name.

7. AFGE Local 38 was required to annually submit a Form LM-3 Labor Organization Annual Report (Form LM-3) or Form LM-4 Labor Organization Annual Report (Form LM-4) electronically to the United States Department of Labor-Management Standards (OLMS).[1] Among other things, the Forms LM-3 and LM-4 required AFGE Local 38 to report (a) the total value of the union's assets at the end of the reporting period, (b) the total disbursements made by the union during the reporting period, and (c) the total payments to officers and employees made by the union during the reporting period.

8. Between approximately 2019 and 2024, AGUJA devised a scheme to defraud AFGE Local 38 and its members by siphoning union funds from the HFCU Account to pay for AGUJA's personal and non-union related expenses. Further, as part of her scheme to defraud, AGUJA paid union expenses out of her personal accounts and otherwise commingled union and personal funds, in order to conceal her embezzlement.

9. Specifically, between approximately 2019 and 2024, AGUJA used the AFGE Local 38 debit card to pay approximately $12,508 for her own personal expenses such as

[1] A Form LM-3 is for use by labor organizations with less than $250,000 in total annual receipts. A Form LM-4 is for use by labor organizations with less than $10,000 in total annual receipts. AFGE Local 38 filed Forms LM-4 for calendar years 2019, 2020, 2021, and 2022; the union filed a Form LM-3 for calendar year 2023.

restaurant meals, credit card and utilities bills, groceries, household goods, clothing, and dance lessons, without the knowledge or authorization of AGFE Local 38. Between approximately 2019 and 2024, AGUJA also made approximately 128 cash withdrawals from the HFCU Account, totaling $23,737, and transferred approximately $25,436 from the HFCU Account to her personal accounts, without the knowledge or authorization of AGFE Local 38.

10. Between approximately March 25, 2016 and March 3, 2024, AGUJA annually signed Forms LM-3 and LM-4 for AFGE Local 38, declaring "under penalty of perjury and other penalties of law," that she had examined all of the information submitted in the form and accompanying documents and that such information "is, to the best of [AGUJA's] knowledge and belief, true, correct and complete." AGUJA knowingly did not disclose her personal use of AGFE Local 38 funds, did not disclose her personal disbursements or withdrawals from the HFCU Account, and understated the value of the union's assets on the Forms LM-3 and LM-4 that she signed between approximately March 25, 2016 and March 3, 2024, in order to conceal her embezzlement scheme.

<u>COUNTS ONE-THREE</u>
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney alleges:

11. The United States Attorney re-alleges and incorporates by reference paragraphs 1-10 of this Information.

12. From in or around May 2021 through in or around March 2024, in the District of Massachusetts, the defendant,

CAROL A. AGUJA,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | March 27, 2022 | FORM LM-4 LABOR ORGANIZATION ANNUAL REPORT |
| 2 | January 20. 2023 | FORM LM-4 LABOR ORGANIZATION ANNUAL REPORT |
| 3 | March 3, 2024 | FORM LM-3 LABOR ORGANIZATION ANNUAL REPORT |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

13. Upon conviction of one or more offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Three, the defendant

CAROL A. AGUJA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

14. If any of the property described in Paragraph 13 above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act and omission of the defendant –

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of this Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY
United States Attorney

By: */s/Kristina E. Barclay*
KRISTINA E. BARCLAY
Assistant United States Attorney

Dated: August 20, 2026